870 F.2d 658
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald WOODS, Petitioner-Appellant,
v.
John MAKOWSKI, Respondent-Appellee.
 No. 88-1349.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1989.
 
 Before MERRITT and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ronald Woods appeals the denial of his petition for writ of habeas corpus filed under 28 U.S.C. Sec. 2254. Woods was convicted of murder following a jury trial in the Recorder's Court for the City of Detroit in 1976. The conviction was affirmed by the Michigan Court of Appeals and the Michigan Supreme Court. People v. Woods, 416 Mich. 581 (1982). Petitioner seeks habeas relief on two grounds: (1) a jury instruction regarding malice which was unconstitutional under Sandstrom v. Montana, 442 U.S. 510 (1979), deprived him of a fair trial, and (2) the prosecutor failed to correct perjured testimony given at trial. The district court found the petition meritless and denied habeas relief. Upon consideration, we conclude that habeas relief was properly denied.
 
 
 3
 First, the district court correctly concluded that the purported Sandstrom error was harmless. Intent was not in issue at petitioner's trial; petitioner's defense was non-participation. All of the evidence produced at trial indicated that the murder was planned. Under these circumstances, the error, if any, was harmless. See Martin v. Foltz, 773 F.2d 711, 719 (6th Cir.1985); Conway v. Anderson, 698 F.2d 282, 285 (6th Cir.), cert. denied, 462 U.S. 1121 (1983).
 
 
 4
 Second, the prosecutor did not fail to correct perjured testimony. Petitioner alleges that a key witness for the state falsely testified that he had not received a favorable plea bargain agreement in exchange for his testimony. Generally, the state must correct known false evidence when it appears. Napue v. Illinois, 360 U.S. 264, 269 (1959). Here, the prosecutor acknowledged the plea agreement in both his opening and closing statements. Therefore, it cannot be said that the prosecutor allowed perjured testimony to remain uncorrected.
 
 
 5
 Therefore, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.